

NANCY ISAACSON, ESQ. (**NI/1325**)
GREENBAUM ROWE SMITH & DAVIS
75 Livingston Avenue
Roseland, NJ  07068-3701
(973) 535-1600
Attorneys for Nancy Isaacson, Chapter 7 Trustee

**Order Filed on October 13, 2015
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

---------------------------------------------------------X

In re:                                              :    UNITED STATES BANKRUPTCY COURT
                                                    :    DISTRICT OF NEW JERSEY
ECHOSTREAM MOTOR GROUP, LLC,                        :
d/b/a Odyssey Specialty Vehicles,                   :    Case No. 15-13317/VFP
                                                    :
            Debtor.                                 :
                                                    :
---------------------------------------------------------X

## ORDER APPROVING SALE OF ASSETS TO FIRST PRIORITY EMERGENCY VEHICLES, INC. FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS

The relief set forth on the following pages numbered two (2) through three (3) is hereby ORDERED.

**DATED: October 13, 2015**

_____
Honorable Vincent F. Papalia
United States Bankruptcy Judge

Page
Debtor:    Echostream Motor Group, LLC,
           d/b/a Odyssey Specialty Vehicles
Case No.   15-13317/VFP
           Order Approving Sale of Assets to First
           Priority Emergency Vehicle, Inc. Free and
           Clear of Liens, Claims, Encumbrances and
           Other Interests

This matter having been opened to the Court by Information for Notice of Private Sale ("NOI") submitted by Nancy Isaacson, Esq., chapter 7 trustee ("Trustee") for the estate of Echostream Motor Group, LLC d/b/a/ Odyssey Specialty Vehicles, Debtor (the "Debtor"), of certain estate assets (the "Assets") to First Priority Emergency Vehicles ("FPEV"); and due, proper and adequate notice of the proposed sale having been provided; and the Trustee having received competing bids for the Assets; and the Court having scheduled a hearing on September 8, 2015 to consider approval of a sale of the Assets; and appearances thereat having been made by the Trustee, FPEV and Incident Communications, Inc. (FPEV and Incident Communications, Inc. are hereinafter jointly referred to as the "Bidders"), and the Trustee and the Bidders having agreed to modify the proposed terms of sale to provide that (a) the Debtor's telephone numbers and rights under HGAC contracts are or may not be transferrable; and (b) the Bidders are required to bear the expense to unlock and restore the "Odyssey Customer List (ACT Database)," externally hosted with Trilogy CRM, estimated to be $1080.00 (the "Amended Terms"); and the Court having conducted an auction sale of the Assets at bidding increments of $500.00; and, after competitive bidding, the Court having determined that FPEV submitted the highest and best offer for the Assets in the amount of $17,000; and good cause being shown,

IT IS HEREBY ORDERED THAT:

1. The recitals set forth above are incorporated herein as if set forth at length.

3744889.3

Page
Debtor:    Echostream Motor Group, LLC,
           d/b/a Odyssey Specialty Vehicles
Case No.   15-13317/VFP
           Order Approving Sale of Assets to First
           Priority Emergency Vehicle, Inc. Free and
           Clear of Liens, Claims, Encumbrances and
           Other Interests

2. The sale of the Assets to FPEV for the sum of $17,000.00, free and clear of all liens claims, encumbrances, and other interests, be and same is hereby confirmed and approved pursuant to the provisions of Sections 363(b) and (f) of the United States Bankruptcy Code.

3. The Trustee be and same is hereby authorized and directed to consummate the sale of the Assets to FPEV in accordance with the terms set forth in the Asset Purchase Agreement between the Trustee and FPEV, a copy of which is attached hereto and incorporated herein as Exhibit "A," as modified by the Amended Terms.*

4. The Trustee is authorized and directed to execute and deliver such documents as may be necessary, desirable or appropriate to effect, implement or consummate the sale of the Assets to FPEV without further application to or order of the Court.

*and increased purchase price.

-3-

3744889.3

# EXHIBIT A

## ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement (the "*Agreement*") is entered into on July __, 2015 (the "*Effective Date*"), by and between Nancy Isaacson, solely in her capacity as Chapter 7 Trustee of EchoStream Motor Group, LLC, with her principal office located care of Greenbaum Rowe Smith & Davis, LLP, 75 Livingston Avenue, Roseland, NJ 07068, and First Priority Emergency Vehicles, Inc, a New Jersey corporation (the "*Buyer*"), with its principal office located at 244 Ridgeway Blvd., #500, Manchester, NJ 08759.

### RECITALS

A.  On February 27, 2015, EchoStream Motor Group, LLC ("**Echo**") filed a voluntary petition pursuant to chapter 7 of the United States Bankruptcy Code with the United States Bankruptcy Court in Newark, NJ (the "***Bankruptcy Court***").

B.  On March 3, 2015, Seller was appointed Chapter 7 Trustee of Echo's bankruptcy estate and is presently qualified and acting in that capacity.

C.  Seller and Buyer have identified certain assets of Echo's bankruptcy estate that Buyer desires to purchase from Seller (the "*Purchased Assets*"). The Purchased Assets are defined in Section 1.2 below.

D.  Seller desires to sell to Buyer, and Buyer desires to purchase from Seller, the Purchased Assets, on the terms and conditions set forth in this Agreement.

NOW, THEREFORE, in consideration of the above recitals and the mutual covenants hereinafter set forth, Buyer and Seller hereby agree as follows:

**1.   PURCHASE AND SALE OF THE PURCHASED ASSETS.**

   **1.1   Agreement to Sell and Purchase the Purchased Assets.** Subject to the terms and conditions of this Agreement, Seller hereby agrees to sell, assign, transfer and convey to Buyer at the Closing (as defined in Section 2.2 below), and Buyer hereby agrees to purchase and acquire from Seller at the Closing, all of Seller's right, title and interest in and to all of the Purchased Assets. The Purchased Assets will be sold, assigned, transferred and conveyed to Buyer on the Closing Date free and clear of any and all pledges, liens, claims, licenses, rights of possession, security interests, restrictions, encumbrances, charges, title retention, conditional sale or other security arrangements of any nature whatsoever (collectively, "*Encumbrances*").

   **1.2   Purchased Assets Defined.** As used in this Agreement, the term "*Purchased Assets*" means, collectively, Seller's right, title and interest in and to the assets listed in Exhibit 1.2 attached hereto.

**1.3** **Asset Transfer; Passage of Title; Delivery.**

(a) Title Passage. Upon the Closing, (i) title to all of the Purchased Assets shall pass to Buyer; and (ii) Seller shall execute such documents reasonably requested to convey to Buyer title to all of the Purchased Assets, free and clear of the Encumbrances.

(b) Delivery of Purchased Assets. On the Closing Date (as defined in Section 2.2), Seller shall deliver to Buyer possession of the Purchased Assets and shall cooperate with Seller to communicate with any domain name registrar and website hosting company to effectuate the transfer of the Purchased Assets.

**2.** **PURCHASE PRICE; PAYMENTS.**

**2.1** **Purchase Price.** In consideration of the sale, transfer, conveyance and assignment of all of the Purchased Assets to Buyer at the Closing, Buyer shall pay by wire transfer, certified check or bank check to Seller at the Closing the sum of Ten Thousand Dollars ($10,000) (the "*Purchase Price*").

**2.2** **Closing.** The "*Closing*" of the purchase and sale of the Purchased Assets contemplated hereby shall take place on or after the date of entry by the Bankruptcy Court of a final Order approving the sale of the Purchased Assets in accordance with the terms set forth herein.

**3.** **OBLIGATIONS ASSUMED.**

**3.1** **Liabilities and Obligations Not Assumed.** Buyer shall not assume or become obligated in any way to pay or perform any liabilities, debts or obligations of Seller or Echo whatsoever. All liabilities, debts and obligations of Seller or Echo are hereinafter referred to as the "*Excluded Liabilities.*"

**3.2** **No Obligations to Third Parties.** The execution and delivery of this Agreement shall not be deemed to confer any rights upon any person or entity other than the parties hereto, or make any person or entity a third party beneficiary of this Agreement, or to obligate either party to any person or entity other than the parties to this Agreement. The liabilities or obligations of Seller shall in no way expand the rights or remedies of third parties against Buyer as compared to the rights and remedies such parties would have against Seller if the Closing was not consummated.

**4.** **REPRESENTATIONS AND WARRANTIES OF SELLER.**

Seller represents and warrants to Buyer that all of the following statements are true, accurate and correct:

**4.1** **Power and Authority; No Default Upon Transfer.** The Seller has all requisite power and authority to enter into and deliver this Agreement and to perform its obligations

2

370091037099111.14

hereunder. This Agreement, when signed and delivered by Seller, will be duly and validly executed and delivered and will be the valid and binding obligation of Seller, enforceable against Seller in accordance with its terms as governed by applicable law, regulations and rules. Neither the signing and delivery of this Agreement by Seller, nor the performance by Seller of her obligations under this Agreement, will to the best of Seller's knowledge, violate any agreement, law, statute, rule or regulation or order of any court, administrative agency or government body applicable to Seller.

    **4.2**     **Authorization for this Agreement.** To the best of Seller's knowledge, except as provided for hereinafter, no authorization, approval, consent of, or filing with any court, governmental body, department, bureau, agency, public board, authority or other third party is required for the consummation by Seller of the transactions contemplated by this Agreement.

**5.**     **BANKRUPTCY COURT APPROVAL**

    **5.1**     **Order Approving Agreement and Sale.** All obligations of the parties to perform under the terms of this Agreement are expressly conditioned upon the entry of a final order entered by the Bankruptcy Court approving (a) this Agreement; and (b) the sale by Seller to Buyer of the Purchased Assets free and clear of the Encumbrances pursuant to 11 U.S.C. § 363(b), (f) and (m) and Federal Rules of Bankruptcy Procedure 6004.

**6.**     **CONDITIONS TO CLOSING.**

    **6.1**     **Conditions to Buyer's Obligations.** Buyer's obligations hereunder shall be subject to the satisfaction and fulfillment of each of the following conditions, except as Buyer may expressly waive the same in writing:

    (a)     **Accuracy of Representations and Warranties on the Closing Date.** The representations and warranties made herein by Seller shall be true and correct in all material respects, and not misleading in any material respect, on and as of the date given, and on and as of the Closing Date, with the same force and effect as though such representations and warranties were made on and as of the Closing Date.

    (b)     **Compliance.** As of the Closing Date, Seller shall have complied in all material respects with, and shall have fully performed, in all material respects, all conditions, covenants and obligations of this Agreement imposed on Seller and required to be performed or complied with by Seller at, or prior to, the Closing Date.

    (c)     **Delivery of Purchased Assets.** Seller shall have delivered the Purchased Assets to Buyer as set forth in Section 1.3 above.

    (c)     **Delivery of Closing Documents.** Seller shall have delivered, and Buyer shall have received, the documents described in Section 7 hereof.

3

3709210370991.1

6.2     **Conditions to Seller's Obligations.** The obligations of Seller hereunder shall be subject to the satisfaction and fulfillment of each of the following conditions, except as Seller may expressly waive the same in writing:

(a)     **Compliance.** Buyer shall have complied in all material respects with, and shall have fully performed, the terms, conditions, covenants and obligations of this Agreement imposed thereon to be performed or complied with by Buyer at, or prior to, the Closing Date.

(b)     **Payment.** Buyer shall have transmitted and Seller shall have received payment of the Purchase Price.

7.      **CLOSING OBLIGATIONS.**

7.1     **Buyer's Closing Obligations.** At the Closing, Buyer shall deliver to Seller each of the following:

(a)     Payment of the Purchase Price.

(b)     The Assignment and Bill of Sale Agreement, in the form attached hereto as Exhibit 7.1 (b).

7.2     **Seller's Closing Obligations.** At the Closing, Seller shall deliver to Buyer each of the following:

(a)     The Purchased Assets in accordance with Section 1.3.

(b)     The Assignment and Bill of Sale Agreement, in the form attached hereto as Exhibit 7.1 (b).

8.      **MISCELLANEOUS.**

8.1     **Expenses.** Each of the parties hereto shall bear its own expenses (including without limitation attorneys' fees) in connection with the negotiation and consummation of the transactions contemplated hereby.

8.2     **Notices.** Any notice required or permitted to be given under this Agreement shall be in writing and shall be personally delivered or sent by certified or registered United States mail, postage prepaid, or sent by a nationally recognized overnight express courier and addressed as follows:

(a)     If to Seller:

Nancy Isaacson, Chapter 7 Trustee
of EchoStream Motor Group, LLC
Greenbaum Rowe Smith & Davis, LLP

4

>           75 Livingston Avenue
>           Roseland, NJ 07068
>           Email: nisaacson@greenbaumlaw.com

    (b)    If to Buyer:

>           Robert J. Freeman, President
>           First Priority Emergency Vehicles
>           2444 Ridgeway Blvd., #500
>           Manchester, NJ 08759
>           Email: fpev@aol.com

>           With copy to:

>           Bruce J. Wisotsky, Esq.
>           Norris, McLaughlin & Marcus, P.A.
>           721 Route 202/206, Suite 200
>           Bridgewater, New Jersey 09907
>           Email: bwisotsky@nmmlaw.com

    **8.3**    **Entire Agreement.** This Asset Purchase Agreement, the Exhibits hereto (which are incorporated herein by reference) and any agreements to be executed and delivered in connection herewith, together constitute the entire agreement and understanding between the parties and there are no agreements or commitments with respect to the transactions contemplated herein except as set forth in this Agreement. This Agreement supersedes any prior offer, agreement or understanding between the parties with respect to the transactions contemplated hereby.

    **8.4**    **Amendment; Waiver.** Any term or provision of this Agreement may be amended only by a writing signed by both Seller and Buyer. The observance of any term or provision of this Agreement may be waived (either generally or in a particular instance and either retroactively or prospectively) only by a writing signed by the party to be bound by such waiver. No waiver by a party of any breach of this Agreement will be deemed to constitute a waiver of any other breach or any succeeding breach.

    **8.5**    **No Third Party Beneficiaries.** Nothing expressed or implied in this Agreement is intended, or shall be construed, to confer upon or to give any person, firm or corporation, other than the parties hereto, any rights or remedies under or by reason of this Agreement.

    **8.6**    **Execution in Counterparts.** For the convenience of the parties, this Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Facsimile or electronically transmitted signatures to this Agreement shall be as valid and binding as a signed original.

**8.7     Benefit and Burden.** This Agreement shall be binding upon, shall inure to the benefit of, and shall be enforceable by and against, the parties hereto and their respective successors and permitted assigns.

**8.8     Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of New Jersey (excluding application of any choice of law doctrines that would make applicable the law of any other state or jurisdiction) and, where appropriate, applicable federal law. All claims and disputes arising under or in connection with this Agreement, whether for or in respect of, breach of contract, tort, equity, or otherwise, shall be adjudicated exclusively in federal or state courts located in Ocean County, New Jersey, and each party waives its right to a trial by jury of any such claims or disputes.

**8.9     Severability.** If any provision of this Agreement is for any reason and to any extent deemed to be invalid or unenforceable, then such provision shall not be voided but rather shall be enforced to the maximum extent then permissible under then applicable law and so as to reasonably effect the intent of the parties hereto, and the remainder of this Agreement will remain in full force and effect.

**8.10     Attorneys' Fees.** Should a suit or arbitration be brought to enforce or interpret any provision of this Agreement, the prevailing party shall be entitled to recover from the other party the prevailing party's reasonable attorneys' fees to be fixed in amount by the Court or the Arbitrator(s) (including without limitation costs, expenses and fees on any appeal). The prevailing party will be entitled to recover its costs of suit or arbitration, as applicable, regardless of whether such suit or arbitration proceeds to a final judgment or award.

**IN WITNESS WHEREOF**, Buyer and Seller have executed and delivered this Asset Purchase Agreement by their duly authorized representatives as of the Effective Date.

SELLER:
Nancy Isaacson, solely in her capacity as
Trustee of EchoStream Motor Group, LLC

*/s/ Nancy*

BUYER:
First Priority Emergency Vehicles, Inc.

By: *[signature]*
Its: *President*

6

## EXHIBIT 1.2

## PURCHASED ASSETS

- The trade name "Odyssey Specialty Vehicles;"
- All telephone numbers previously utilized by the Debtor, including, but not limited to, 973-328-2667 and 800-535-9441;
- All right, title and interest to the websites "www.odysseysv.com," and "www.odyseyauto.com" and any associated domain names (collectively, the "Domain Names"), content thereon or related thereto, goodwill associated therewith and any social media handles and accounts associated with such Domain Names;
- All data contained on the Debtor's server related to Debtor's customer files and ACT database;
- All of the Debtor's customer files not contained on the Debtor's server;
- Safe Box by Response Technologies;
- The Debtor's rights under HGAC contracts; and
- The Debtor's right, title and interest in any and all product drawings.

3700910370991044

## EXHIBIT 7.1 (b)

## ASSIGNMENT AND BILL OF SALE AGREEMENT

This Assignment and Bill of Sale Agreement (the "*Agreement*") is made as of August __, 2015 (the "*Effective Date*"), by and between Nancy Isaacson, solely in her capacity as Chapter 7 Trustee of EchoStream Motor Group, LLC, a New Jersey limited liability company (the "*Seller*"), with her principal office located care of Greenbaum, Rowe, Smith & Davis, LLP and [First Priority Emergency Vehicles [LLC], a [New Jersey] [limited liability company]] (the "*Buyer*"), with its principal office located at 244 Ridgeway Blvd., #500, Manchester, NJ 08759. Seller and Buyer are parties to a certain Asset Purchase Agreement dated as of July __, 2015 (the "*Asset Purchase Agreement*"). Capitalized terms used without definitions herein shall have the meanings ascribed to such terms in the Asset Purchase Agreement.

1. **Sale and Assignment of Purchased Assets.** Pursuant to the Asset Purchase Agreement, Buyer has on the date hereof purchased the Purchased Assets from Seller. In accordance with and subject to the terms and conditions set forth in the Asset Purchase Agreement, for good and valuable consideration, the receipt of which is hereby acknowledged, Seller does hereby sell, assign, bargain, transfer, convey and deliver unto Buyer all of Seller's right, title and interest in and to the Purchased Assets.

2. **Exclusion of Liabilities.** In accordance with and subject to the terms and conditions set forth in the Asset Purchase Agreement, Buyer does not agree to assume or pay any Liabilities or any other debts, obligations or liabilities of Seller.

3. **Cooperation.** Buyer and Seller agree to cooperate with each other to execute and deliver such other documents and instruments and to do such further acts and things as may be reasonably requested by the other to evidence, document or carry out the sale of the Purchased Assets, including without limitation, to communicate with any domain name registrar and website hosting company to effectuate the transfer of the Purchased Assets.

4. **Effect of Agreement.** Nothing in this Agreement shall be deemed to modify or otherwise affect any provisions of the Asset Purchase Agreement or the rights of the parties thereunder. In the event of any conflict between the provisions hereof and the provisions

of the Asset Purchase Agreement, the provisions of the Asset Purchase Agreement shall govern and control.

**IN WITNESS WHEREOF**, Seller and Buyer have caused this Assignment and Bill of Sale Agreement to be executed on the Effective Date.

| | |
|---|---|
| **SELLER:**<br>Nancy Isaacson, solely in her capacity as Chapter 7 Trustee of EchoStream Motor Group, LLC | **BUYER:**<br>First Priority Emergency Vehicles, Inc. |
| *[signature]* | By:_____<br>Its:_____ |

2